IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN LOUIS JACOBS,

    Plaintiff,

v.                                                                     No. CIV-02-0458 LH/WDS

SGT. BRIAN MALONEY, NORTH FACILITY
PROPERTY OFFICER,

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION**[1]

    1.    This matter comes before the Court *sua sponte* and on Petitioner's Civil Rights Complaint filed pursuant to 28 U.S.C. §1983.  Petitioner is incarcerated and is proceeding *pro se* and *in forma pauperis*.  The Court previously dismissed Defendants Penitentiary of New Mexico Corrections Training Academy and Unnamed Corrections Academy Cadet as well as Petitioner's claim for denial of access to the courts. [Doc. 9].  Remaining is Petitioner's due process claim for deprivation of two legal books and his trial transcripts.

    2.    Petitioner alleges that on June 11, 2001, Property Officer, Sgt. Brian Maloney took four legal resource books from him, two of which were never returned.  Petitioner further alleges that on August 17, 2001, Defendant Maloney was in Petitioner's "unit doing cell searches with about six

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings.  If no objections are filed, no appellate review will be allowed.

other officers" when Petitioner was taken to recreation yard three. Petitioner contends that when he was returned to his cell, "he found out his criminal trial transcripts where [sic] gone."

3.  In response to these alleged incidences, Petitioner filed several grievances with the correctional facility. Complaint, pp. 11 – 34. [Doc. 1]. Petitioner appealed all of the decisions made regarding the four grievances he submitted. Petitioner's appeals were considered and Petitioner received five letters from John Shanks, Deputy Secretary of Operations, regarding the final resolution of his appeals. Complaint, pp. 17, 18, 22, 29, 34.

4.  Petitioner argues in his complaint that his Sixth and Fourteenth Amendment rights have been violated. He requests relief in the amount of $3,253.77 to compensate him for the alleged loss of his property, for $100,000 in punitive damages and his costs and fees.

5.  Petitioner alleges that at the time his trial transcripts went missing, Defendant and six other individuals were involved in a search of the unit. In a document addressed to the Grievance Officer dated August 17, 2001 (Complaint, p. 28), Petitioner states that his trial transcripts were in a paper bag in his cell. He goes on to state that "I did not see what officer took this bag." As to the missing books, Petitioner contends that at one point he was told that they were in the Property Room and that he was subsequently told that they were not in the Property Room. Without any showing that it was the Defendant that intentionally deprived Petitioner of his property by removing his trial transcripts from his cell and removing his legal books from the Property Room, Petitioner's claim against Defendant Maloney must fail at the outset.

5.  A prisoner has no due process right to be present when his property is searched. *Block v. Rutherford*, 468 U.S. 576, 590-591, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). The negligent deprivation of property does not constitute a deprivation of due process (*Daniels v. Williams,* 474 U.S.327, 328-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)), nor does the intentional deprivation of

property if there is a meaningful postdeprivation remedy for the loss available. *Hudson v. Palmer*, 468 U.S. 517, 531-33, 104 S.Ct. 3194, 82 L.Ed.2d. 393 (1984). Thus, Petitioner was required to plead and prove the absence of an adequate postdeprivation remedy in order to state a claim for violation of his due process rights..

6. In this case, Petitioner availed himself of the administrative remedies provided by the correctional facility. Although Petitioner's resort to this process was unsuccessful, that alone does not establish that the procedure failed to provide a meaningful remedy. As Petitioner does not plead and show the inadequacy or unavailability of a postdeprivation remedy, he has not stated a cause of action under 42 U.S.C. §1983.

7. Accordingly, I recommend that the claims remaining in Petitioner's §1983 Civil Rights Complaint be dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE